CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**, <br><br> Plaintiff, <br><br> v. <br><br> **Chuck N. Wong,** in his individual and representative capacity as trustee of the Chuck and Laura Wong Trust; <br> **Laura M. Wong,** in her individual and representative capacity as trustee of the Chuck and Laura Wong Trust; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Shirley Lindsay complains of Defendants Chuck N. Wong, in his individual and representative capacity as trustee of the Chuck and Laura Wong Trust; Laura M. Wong, in her individual and representative capacity as trustee of the Chuck and Laura Wong Trust; and Does 1-10 ("Defendants") and alleges as follows:

1

Complaint

**PARTIES:**

1.   Plaintiff is a California resident with physical disabilities. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility.

2.   Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for the strip mall located at or about 7141 Winnetka Avenue, Winnetka, California.

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.   Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

1  founded on the fact that the real property which is the subject of this action is
2  located in this district and that Plaintiff's cause of action arose in this district.

3

4  **FACTUAL ALLEGATIONS:**

5  7.  The Plaintiff went to the strip mall in January 2015 to shop at the store.

6  8.  The strip mall is a facility open to the public, a place of public
7  accommodation, and a business establishment.

8  9.  Parking spaces are one of the facilities, privileges and advantages
9  offered by defendants to their customers at the strip mall.

10  10. Unfortunately, the parking stalls and access aisles for use by persons
11  with disabilities are not level with each other because there are built up curb
12  ramps that run into the access aisle and parking stalls. This results in slopes
13  greater than 2.2%. There are is also no "No parking" warning in the access
14  aisle, which means that ambulatory persons can park in the aisle with
15  impunity. There was also no signage in front of the parking spaces, which
16  would alert persons to the existence of parking spaces reserved for persons
17  with disabilities.

18  11. Additionally, although parking spaces are one of the facilities available
19  to patrons of the business, there is not a single van-accessible parking space
20  marked and reserved for persons with disabilities. None of the handicap
21  parking spaces have an eight foot access aisle or an alternate van design.
22  Indeed, the parking space reserved for persons with disabilities has a parking
23  space that is 96 inches wide while the access aisle is just 60 inches in width.
24  This is not accessible for plaintiff, who needs a van-accessible space.

25  12. On information and belief, plaintiff alleges that a compliant parking
26  space reserved for persons with disabilities who drive vans used to exist in the
27  parking lot. Unfortunately, that parking space has been allowed to fade or has
28  been paved over.

Complaint

13. Defendants, have no procedure in place to prevent its disabled parking spaces from fading to oblivion or get paved over. As such, the compliant parking space is no longer available for persons with disabilities who want to patronize the strip mall.

14. The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty and frustration.

15. Plaintiff would like to return and patronize the strip mall but will be deterred from visiting until the defendants cure the violations. Plaintiff's knowledge of the barriers prevents her from returning even though she would like to visit -- and has wanted to visit -- the strip mall. Indeed, plaintiff lives in Los Angeles County and shops in the County on the regular basis. This strip mall is conveniently located for plaintiff.

16. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

17. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

18. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and

Complaint

dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

20. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are

Complaint

readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

21. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

22. Here the failure to provide level parking is a violation of the law.

23. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

24. Here, the lack of a van parking space is a violation of the law.

25. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method and color of marking are to be

Complaint

addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, §
502.3.3. Under the California Building Code, to properly and effectively
reserve a parking space for persons with disabilities, each such space must be
identified with a reflectorized sign permanently posted adjacent to and
visible from each stall or space. CBC § 1129B.4. The sign must consist of the
International Symbol of Accessibility (♿) in white on a blue background. *Id*. It
cannot be smaller than 70 square inches and must be mounted so that there
is a minimum of 80 inches from the bottom of the sign to the parking space.
*Id*. Signs must be posted so that they cannot be obscured by a vehicle parking
in the space. *Id*. An additional sign or additional language below the symbol
of accessibility must state, "Minimum Fine $250" to ensure that the space
remains available for persons with disabilities. *Id*. Another sign must be
posted in a conspicuous place at the entrance to the parking lot or
immediately adjacent to each handicap parking space, with lettering 1 inch in
height, that clearly and conspicuously warn that unauthorized vehicles
parking in the handicap parking spaces can be towed at the owner's expense.
*Id*. Additionally, the surface of the handicap parking stall must have a profile
view of a wheelchair occupant (♿) that is 36 inches by 36 inches. *Id*. And the
surface of the access aisle must have a blue border. CBC § 1129B.3. The
words "NO PARKING" in letters at least a foot high must be painted on the
access aisle. *Id*. Here, there was no signage, no "NO PARKING" lettering, no
fine language, and the parking simply failed to comply.

26. A public accommodation must maintain in operable working condition
those features of its facilities and equipment that are required to be readily
accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

27. Here, the failure to ensure that the accessible facilities were available
and ready to be used by the plaintiff is a violation of the law.

28. Given its location and options, the strip mall is a business that the

Complaint

plaintiff will continue to desire to patronize but she has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

31. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

8

Complaint

1    3. Reasonable attorney fees, litigation expenses and costs of suit,

2  pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

3

4  Dated: March 24, 2015          CENTER FOR DISABILITY ACCESS

5

6                                 By: _____
                                   Mark Potter, Esq.
7                                  Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint